purpose of getting a drink of whisky, and as a condition of getting it were required to sign the register and go into a room upstairs and permit sandwiches to be brought to them with the whisky. They had previously given notice that they wanted nothing to eat—only wanted whisky. When the waiter said they must take something to eat, they told him he might bring in anything which was necessary to get the whisky.

They did not eat the sandwiches, were not guests of the hotel, and did not intend to be. The sandwiches and the register were mere devices by which it was sought to evade the law. The finding, therefore, that they were guests of the hotel, and that the liquor was served as a part of a luncheon, is not justified by the evidence. The final order is therefore reversed, and an order granted finding that the defendant did unlawfully sell liquor as alleged in the petition, on Sunday, May 19 and 26, 1912, that such acts were in violation of his liq-. uor tax certificate No. 19,442 and the law under which the same was issued, and that such liquor tax certificate is revoked and canceled, with costs.

Final order reversed, on law and facts, with costs, and an order granted finding that the defendant did unlawfully sell liquor as alleged in the petition on Sunday, May 19 and 26, 1912, that such acts were a violation of his liquor tax certificate No. 19,442, and the law under which the same was issued and that such liquor tax certificate is revoked and canceled. The finding of fact disapproved of is that the defendant did not unlawfully sell liquor at the times stated. All concur.

---

(158 App. Div. 849.)

LESTERSHIRE LUMBER & BOX CO. v. WINTER.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

PRINCIPAL AND AGENT (§ 171*)—ACTS OF AGENT—RATIFICATION.

    Where C. ordered certain doors from plaintiff, to be shipped and invoiced to defendant, who was later informed by the invoice that the doors had been ordered by C., and defendant, after requiring changes, received and used them, he thereby ratified C.'s acts in making the purchase.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644–655; Dec. Dig. § 171.*]

Appeal from Trial Term, Broome County.

Action by the Lestershire Lumber & Box Company against Edgar W. Winter. From a judgment dismissing plaintiff's complaint on a trial to a jury, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Stewart & Kelley, of Binghamton (Frank G. Kelley, of Binghamton, of counsel), for appellant.

Walter H. Dodd, of New York City, for respondent.

JOHN M. KELLOGG, J. The action is to recover for lumber sold and delivered. The plaintiff manufactures sash, doors, and blinds at

Lestershire, N. Y. The defendant was building a house for Mr. Chapman at Douglastown, Long Island. One Champion submitted plans and specifications for doors for this house to the plaintiff, and asked prices for the work. The plaintiff submitted prices to him, and he directed the doors to be invoiced to the defendant for the amount, and asked the plaintiff to send him a draft of $10.60, his profits on the order. The plaintiff shipped the doors to the defendant, with an invoice showing that the plaintiff had sold them to defendant for $116, "the terms, 2 per cent. ten net thirty," and that they were ordered by Champion. The defendant received the doors and wrote the plaintiff that some of them were defective, or not according to contract, and asked if the plaintiff would change them by August 9th; otherwise, he would have them made and charge the same to plaintiff's account. The new doors were made and shipped to the defendant.

The plaintiff offered to show the conversation between Champion and the plaintiff at the time the specifications were submitted and the order given. This was objected to as incompetent, and that Champion's declarations could not bind the defendant, which objection was sustained. The plaintiff offered this evidence, not for the purpose of establishing the fact of agency, but as tending to prove the ratification of Champion's acts by defendant's receiving and using the doors. The court nonsuited the plaintiff upon the ground that there was no evidence of agency.

I think this was clearly an error. Champion ordered the doors to be shipped and invoiced to the defendant. They were invoiced to the defendant, and he was informed that they had been ordered by Champion. He received and used them, and requested changes with reference to some of them. There was evidence that Champion was authorized to act for the defendant and that the defendant had ratified his acts in making the purchase. The judgment should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed on law and facts, and new trial granted, with costs to appellant to abide event; the court holding that there was evidence sufficient to go to the jury. All concur.